# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **KENNETH G. CHARRON, SR.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ELIZABETH CONLEY, RALF J. SALKE,** )<br>**UNKNOWN BLOOMQUEST, MANUEL** )<br>**D. LARGAESPADA, CHRISTINE M. JONES,** )<br>**CARLOS HERNANDEZ, TYMBER SPRAY,** )<br>**JEFFREY D. CLARK, JACINDA BUNCH,** )<br>**J. COFIELD, KIMBERLY S. RANDOLPH,** )<br>**CHARLES CHASTAIN, CATHY HOSKINS,** )<br>**UNKNOWN STINE, RANDEE KAISER,** )<br>**GARY B. KEMPKER, GEORGE A.** )<br>**LOMBARDI, J. SKILES, CLARENCE** )<br>**HAMLIN, JAMES PURKETT, STEVE** )<br>**LONG, JONNA GRUBBS, DONNA** )<br>**COLEMAN, CHARLIE BAKER, LARRY** )<br>**CRAWFORD, DANIEL GIBSON, LAURI** )<br>**ASHLOCK, STANLEY PAYNE, MATTHEW** )<br>**PULTZ and MIKE LUNDY,** )<br>)<br>Defendants. ) | No. 4:05-CV-1113-CEJ |

## ORDER AND MEMORANDUM

This matter is before the Court upon review pursuant to 28 U.S.C. § 1915A.[1] Title 28 U.S.C. § 1915A provides that the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] The Court notes that the allegations set forth in Count 1 of the instant complaint are similar to those set forth in *Charron v. Pultz*, Case No. 4:04-cv-1241-CEJ (E.D. Mo.). Said case was dismissed, without prejudice, for failure to exhaust administrative remedies. Accordingly, plaintiff is free to remedy the deficiencies identified in the court's order and refile his complaint. *See Schafer v. Moore,* 46 F.3d 43, 45 (8th Cir.1995) (per curiam) (prisoner may refile complaint where dismissal is without prejudice).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States,* 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, an inmate at the Eastern Reception Diagnostic Correctional Center, seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff's complaint contains five counts, as follows: 1) delay and failure in treating painful, bleeding hemorrhoids; 2) delay and failure in providing doctor-ordered medications; 3) confiscating, withholding and rejecting plaintiff's mail; 4) disturbing plaintiff's sleep by turning on the lights in his cell each hour during the night in retaliation for his filing grievances; and 5) transferring him to a level five maximum security prison when he had "earned" the right to remain at custody level four.

**Discussion**

**A.     Count 1:  Delay in treating and failure to treat hemorrhoids.**

After carefully reviewing the complaint, the Court finds that plaintiff's claims against defendants Charles Chastain, Unknown Stine, Christine M. Jones and Kimberly S. Randolph survive review under § 1915A. As such, the Court will order that these defendants reply to plaintiff's claims once the complaint has been properly served. *See* 42 U.S.C. § 1997e(g)(2).

This count is legally frivolous as to defendants Conley, Salke, Bloomquest, Spray, Bunch, Cofield, Hoskins, Kempker, Long, Coleman, Gibson, Ashlock, Payne and Lundy. Although

plaintiff names these defendants in Count 1, he makes no specific factual allegations against them. Plaintiff's claims as to these defendants are, thus, "unsupported by factual allegations sufficient to support a claim for violation of constitutional rights." *Ervin v. Ciccone,* 557 F.2d 1260, 1262 (8th Cir.1977) (citation omitted).

This count is also legally frivolous as to defendants Purkett, Grubbs and Pultz. To the extent that plaintiff ascribes supervisory responsibility to these defendants, his claim is not cognizable under § 1983. Plaintiff has not alleged that defendants were personally involved in or responsible for conduct resulting in the alleged constitutional violations, nor does he allege that such violations took place as a result of defendants' policy decisions. It is well-settled that respondeat superior cannot form a basis for liability under § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997); *Kulow v. Nix*, 28 F.3d 855, 858 (8th Cir. 1994). For plaintiff to succeed on a § 1983 claim, he must allege that defendant was personally involved in the constitutional deprivation at issue. *Wilson v. Cross*, 845 F.2d 163, 165 (8th Cir. 1988). A "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability" in a § 1983 claim. *Keeper*, 130 F.3d at 1314.

**B.     Counts 2 - 5.**

After careful review, the Court finds that plaintiff's claims as to these counts do not survive review under section 1915A. These counts all suffer from the same infirmity: plaintiffs' claims are against defendants collectively, and he fails to allege sufficient personal involvement by any defendant to support such claims. *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (citing *Ellis v. Norris,* 179 F.3d 1078, 1079 (8th Cir.1999) (stating that prisoner must allege defendants' personal involvement or responsibility for the constitutional violations to state a § 1983 claim); *see also Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

To the extent that plaintiff may be alleging supervisory responsibility against any defendant, a chief executive officer of a penal institution, such as a warden, "can be held liable for

3

policy decisions which create unconstitutional conditions." *Reutcke v. Dahm*, 707 F.Supp. 1121, 1134 (D.Neb.1988) (quoting *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir.1985); *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir.1987) (per curiam)). However, plaintiff's allegations are too broad and conclusory to support such a claim. While required to give the complaint a liberal construction, the Court is not required to supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. *See Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988).

### C. Service of the complaint.

The Court notes that, because plaintiff paid the filing fee, he is responsible for serving defendants Chastain, Stine, Jones and Randolph with a copy of the complaint within 120 days of its filing (July 18, 2005). *See* Fed. R. Civ. P. 4(m). A review of the Court's file indicates that plaintiff has not served any of the defendants to date.[2] The Court further notes that plaintiff may either serve a summons and complaint upon defendants, *see* Fed. R. Civ. P. 4(c), or request defendants to waive service of summons. *See* Fed. R. Civ. P. 4(d). Plaintiff is advised that he may seek guidance on serving defendants from the Office of the Clerk.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (prisoner actions-standard).

**IT IS FURTHER ORDERED** that plaintiff shall include a copy of this order when either serving the complaint upon defendants Charles Chastain, Unknown Stine, Christine M. Jones and Kimberly S. Randolph or requesting that said defendants waive service.

**IT IS FURTHER ORDERED** that, after either being properly served with a copy of the complaint or filing a waiver of service, defendants Charles Chastain, Unknown Stine, Christine M. Jones and Kimberly S. Randolph shall reply to the complaint within the time provided by the

---

[2]Because approximately two months have passed since the filing of plaintiff's complaint, plaintiff may request additional time to serve defendants, if needed. *See* Fed. R. Civ. P. 4(m).

applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure. *See* 42 U.S.C. § 1997e(g)(2).

An appropriate order of partial dismissal shall accompany this order and memorandum.

Dated this 18th day of October, 2005.

_____
**UNITED STATES DISTRICT JUDGE**