# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KENNETH CHARRON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:05-CV-1113-CEJ ) |
| ELIZABETH CONLEY, et al., | ) ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court on review of plaintiff's first amendment [Doc. 8] under 28 U.S.C. § 1915(e)(2)(B).

## Background

On October 18, 2005, after reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), this Court ordered process to issue as to defendants Charles Chastain, Unknown Stine, Christine M. Jones and Kimberly S. Randolph. On October 14, 2005, prior to service of any responsive pleading, plaintiff filed the instant first amendment to his complaint. *See* FED. R. CIV. P. 15(a) (party may amend pleading once as matter of course any time before responsive pleading is served).

## 28 U.S.C. § 1915(e)

As previously stated in this Court's order of October 18, 2005, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state

a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. U. S.*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**First Amendment to the complaint**

Plaintiff, an inmate at the Eastern Reception Diagnostic & Correctional Center, seeks monetary relief pursuant to 42 U.S.C. § 1983. In first amendment, plaintiff seeks to add as defendants CO-I Tarkington, CO-I Royal, Major Guerin and Mrs. Miller. Plaintiff renames as defendant Mike Lundy, whom this Court dismissed from the original complaint. Plaintiff alleges, as Count 6, that defendants violated his constitutional rights by attempting to stop him from performing his job as law clerk and by attempting to stop him from seeking redress from the courts by threats of reprisal, harassment, theft, cell searches and destruction of his personal property.

**Discussion**

Plaintiff's amended complaint is not intended to replace his original complaint but, rather, to amend it by interlineation. However, if plaintiff wishes to add parties and claims, he must file an amended complaint that sets out all of the defendants and all of his claims. Because plaintiff is a prisoner proceeding pro se and in forma pauperis, the Court will give him the opportunity to file an amended complaint in accordance with the below instructions. Plaintiff is warned that an amended

complaint will take the place of his original complaint and will be the only complaint that the Court will review. Thus, plaintiff must write the names of all the defendants he wishes to sue in the caption of the complaint. Plaintiff may use the designation "John Doe " followed by a numeral fo each defendant whose name is unknown. Additionally, plaintiff must also set out specific facts against each defendant in the body of the complaint or risk dismissal of his claims(s). **In the alternative**, plaintiff may withdraw first amendment and proceed on the original complaint, as reviewed by the Court on October 18, 2005.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff shall file a first amended complaint within thirty (30) days from the date of this order using the court-provided form for a prisoner filing a complaint under 42 U.S.C. § 1983.[1] Plaintiff shall set forth the name of each defendant whom he wishes to sue in the caption of the amended complaint by naming the defendant or identifying each John Doe defendant to the best of his ability. If plaintiff needs additional space to name all of the defendants, he must attach an additional sheet to the amended complaint and clearly identify its purpose. In the Statement of Claim, plaintiff shall briefly set forth as to each named defendant the specific factual allegations supporting his claims. Plaintiff may attach additional sheets to his Statement of Claim only if necessary to set out his claims as to each named defendant. **In the alternative**, plaintiff may withdraw first amendment and proceed on the original complaint, as reviewed by the Court on October 18, 2005.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send plaintiff a copy of this order the court-provided form for a prisoner to file a "Complaint Under the Civil Rights Act, 42

---

[1] The Court will order the Clerk to provide plaintiff with the proper form.

U.S.C. § 1983."

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint or to withdraw first amendment, in accordance with this Court's instructions, will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of an amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e). Should plaintiff choose to withdraw the first amendment, no further review is necessary.

Dated this 28th day of October, 2005.

_____
**UNITED STATES DISTRICT JUDGE**